# In the United States Court of Federal Claims

No. 11-779C

(Filed: May 29, 2014)

```
************************************ *
                                   *
STARR INTERNATIONAL COMPANY,       *
INC., on its behalf and on behalf of a class  *
of others similarly situated,      *
                                   *
                    Plaintiff,     *
                                   *
v.                                 *
                                   *
THE UNITED STATES,                 *
                                   *
                    Defendant.     *
                                   *
************************************ *
```

## DISCOVERY ORDER NO. 10

On May 28, 2014, the Court received a letter from Plaintiff's counsel of record informing the Court of an unresolved document production issue relating to Federal Reserve Board of Governors ("BOG") records. According to Plaintiff's counsel, the Government previously had represented that the BOG was not involved in AIG's recapitalization in January 2011, and on that basis, the Government did not search for any BOG documents relating to that subject. It now appears through other documents and deposition testimony that the BOG did have some involvement in the AIG recapitalization, and Plaintiff has asked that the relevant BOG documents be produced. The parties addressed this question in their April 21, 2014 joint status report preceding the April 23, 2014 discovery conference. Based upon limited discussion at the discovery conference, the Court presumed that this issue would be resolved voluntarily, but apparently it has not. The voluminous email exchanges attached as an exhibit to the letter from Plaintiff's counsel attest to the fact that the production of BOG documents remains in contention.

As previously noted, the submittal of letters to the Court is a disfavored practice, but the Court will accept Plaintiff's letter as a "Notice of Unresolved Document Production Issue," and will allow it to be filed on the Court's docket for this case. In

light of the previous explanation of this question in the April 21, 2014 joint status report, and with the benefit of the emails furnished by Plaintiff's counsel, the Court understands the parties' respective positions and does not require further briefing.

The Court's objective is to be sure that all relevant information will be available at the time of trial, and through discovery, to make certain that the parties have full opportunity to present their best evidence. With the extensive effort that has been spent to date to achieve this objective, it makes little sense to relieve the Government from producing relevant BOG records because the request might be regarded as late or somewhat burdensome. Accordingly, the Court directs the Government to search for and produce relevant BOG documents as Plaintiff has requested.

In assessing what parameters the Government should apply to its document search, the Court finds the relevant time period to be September 2010 through January 2011. The Government should employ reasonable search terms most likely to capture the persons involved in considering the AIG recapitalization issue, and to identify the relevant documents. Counsel for the parties shall work cooperatively to agree upon the reasonable search terms. The Court expects this process to be completed and the documents produced to Plaintiff not later than June 16, 2014.

IT IS SO ORDERED.

s/ Thomas C. Wheeler
THOMAS C. WHEELER
Judge